## MELVIN *vs.* LEAYCRAFT.

To *non pros* a plaintiff in error, the rule to transcribe the record must be entered in the *court below,* and not in this court.

September 19.      LEAYCRAFT obtained a judgment in the New-York common pleas against *Melvin,* on a report of referees. *Melvin* sued out a writ of error, returnable in this court, and the plaintiff in error having neglected to cause the record in the court below to be transcribed and the writ to be returned, the defendant in error entered a rule *in this court* that the plaintiff transcribe the record, served him with a notice of the rule, entered his default and took judgment of non-pross, and now asked for *double costs.* The motion was resisted, on the ground that the proceedings of the defendant in error were wholly irregular; that he should have entered his rule to transcribe the record in the court below, and not in this court.

*J. Wallis,* for the defendant in error.

*J. M. Bixby,* for the plaintiff in error.

*By the Court,* SUTHERLAND, J. The practice of the attorney for the defendant in error has not been regular. He should have entered his rule requiring the plaintiff in error to transcribe the record in the court of common pleas, and not in this court. The writ of error not having been returned, this court has not possession of the cause, and until such return is made, the proceedings are all in the court below. This is the acknowledged *English* practice, 1 *Archb. Pr.* 250, *Graham's Pr.* 786, and was followed by this court in *Van Der Mark* v. *Ostrander,* 1 *Caines,* 251, and has not since been altered, unless it be by the provision of the revised statutes, referred to on

the argument, 2 *R. S.* 618, § 34. That section, I am inclined to think, is not applicable to a case like this, but was simply intended to authorize any court to which a writ of error may be returnable, to give costs against the plaintiff in error, upon a summary application by motion that he lose the benefit of his writ of error or appeal, for not proceeding according to the rules of the court and the statute in causing the writ and transcript to be returned. That provision of the statute undoubtedly was occasioned by the case of *Newman* v. *Van Antwerp,* 4 *Cowen,* 711, and was intended to remedy the difficulty disclosed in that case, which related merely to the costs of a motion in the court for the correction of errors that the writ of error and transcript be not received, made in pursuance of a rule of the court. It was not necessary to make provision for a case like this, as the existing rules of practice reached it, authorizing judgment of *non-pross* in the court below.